Joseph A. WEISS, Plaintiff-Appellant,

v.

Dudley B. BONSAL, Frank G. Wittenberg, Joseph Graf, Defendants-Appellees.

Joseph A. WEISS, Plaintiff-Appellant,

v.

Robert M. MORGENTHAU, as U. S. Attorney for the Southern District of New York, Defendant-Appellee.

Nos. 356, 357, Dockets 29376, 29377.

United States Court of Appeals
Second Circuit.

Argued April 5, 1965.
Decided April 9, 1965.

---

Joseph A. Weiss, plaintiff-appellant, pro se.

Arthur S. Olick, New York City, Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for defendants-appellees Dudley B. Bonsal and Robert M. Morgenthau.

George J. Hirsch, Krause, Hirsch, Gross & Heilpern, New York City, for defendants-appellees Frank G. Wittenberg and Joseph Graf.

Before WATERMAN, FRIENDLY and ANDERSON, Circuit Judges.

PER CURIAM:

In Weiss v. Hunna, 312 F.2d 711 (2 Cir.), cert. denied, 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963), we vacated an order of Judge Bonsal, in the District Court for the Southern District of New York, dismissing Weiss' complaint, and directed that Weiss be permitted to adduce further evidence as indicated in our opinion. Instead of diligently pursuing that course, Weiss, *pro se*, instituted an action against Judge Bonsal, Frank G. Wittenberg, who had participated in some of the challenged transactions and had appeared for Hunna at the trial, and Joseph Graf, who had been a witness.

The United States Attorney appeared for Judge Bonsal. This appearance has produced a mass of litigation too enormous to recount—motions in the district court, attempted interlocutory appeals to this court, petitions for mandamus and rehearing, and motions in this court—in which Weiss has claimed that the United States Attorney could not be or, alternatively, had not been authorized by the Attorney General to appear for the judge. Meanwhile Weiss has been fending off the taking of his deposition, asserting that the United States Attorney could not lawfully question him. Ultimately Chief Judge Ryan directed that unless Weiss appeared on August 19, 1964 and answered all relevant questions propounded by private counsel on behalf of Wittenberg and Graf or by the United States Attorney (or a member of his staff) on behalf of Judge Bonsal, the complaint would be dismissed. Weiss having refused to submit to such examination, Chief Judge Ryan entered the order of dismissal from which Weiss appeals in Docket No. 29376.

We are at a loss to understand why such heavy weather has been made about producing the authorization from the Department of Justice to the United States Attorney to appear for Judge Bonsal; whatever the technicalities, good sense would suggest that the Government should have produced this long ago for inspection by a *pro se* litigant who has become so concerned about it, rather than consume quires of paper and hours of professional and judicial time in debate over its nonproduction.[1] The letter, dated December 9, 1963, from the Assistant Attorney General in charge of the Civil Division of the Department of Justice, to whom the Attorney General has delegated his authority, 5 U.S.C. § 22; 28 C.F.R. §§ 0.45 and 0.46 (1964), which was submitted to us at our re-

---

1. A copy of a letter to Weiss from the Assistant Attorney General in charge of the Civil Division referring to the authorization was appended to an affidavit of an Assistant United States Attorney dated December 20, 1963, filed in the District Court.

quest, appears entirely sufficient.[2] The Attorney General's power to authorize the United States Attorney to defend a federal judge in the circumstances here presented is clear beyond peradventure. Booth v. Fletcher, 69 App.D.C. 351, 101 F.2d 676 (1938), cert. denied, 307 U.S. 628, 59 S.Ct. 835, 83 L.Ed. 1511 (1939); Meredith v. Van Oosterhout, 286 F.2d 216 (8 Cir.1960), cert. denied, 365 U.S. 835, 81 S.Ct. 749, 5 L.Ed.2d 745 (1961).

While there is thus no merit to Weiss' objection, his refusal to submit to examination may have been due to a belief that procedural obstacles had prevented our reaching the merits of his contention on previous appeals and petitions for mandamus, and that submission to examination by the United States Attorney would moot his objection. Without sanctioning his conduct or departing in any way from what was said in Trans World Airlines, Inc. v. Hughes, 332 F.2d 602, 614–615 (2 Cir.1964), certiorari dismissed as improvidently granted, Hughes Tool Co. v. Trans World Airlines, Inc., 85 S.Ct. 934 (1965), we think it would "be just under the circumstances", 28 U.S.C. § 2106, to modify the order of dismissal so that it shall not become effective if plaintiff submits to full examination at a time, not later than 15 days after the coming down of our mandate, and a place to be fixed, on at least five days' notice, by the district judge.[3]

Our decision in No. 29376 necessarily leads to affirmance, in No. 29377, of the dismissal, 233 F.Supp. 307 (1964), of the action to enjoin the United States Attorney from appearing for Judge Bonsal.

No costs.

2. We direct our Clerk to retain a photostatic copy of the letters submitted, to transmit another such copy to the Clerk of the District Court, and to return the originals to the United States Attorney.

3. We prefer not to decide the contention that dismissal is called for as regards Judge Bonsal in any event because of the defense of absolute privilege, Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335,

20 L.Ed. 646 (1872), since, as the Assistant United States Attorney points out, this issue was not passed upon by the District Court. This in no way prevents further consideration of dismissal on that ground, if the present order of dismissal ceases to be effective by Weiss' submitting to examination.