**DIAPULSE CORPORATION OF AMER-ICA, Plaintiff-Appellant,**

v.

**The CURTIS PUBLISHING COMPANY, Defendant-Appellee.**

**No. 327, Docket 30599.**

United States Court of Appeals Second Circuit.

Argued Feb. 20, 1967.

Decided March 16, 1967.

David Sive, New York City (Winer, Neuburger & Sive, New York City, on the brief), for plaintiff-appellant.

Frederick B. Boyden, New York City (Dewey, Ballantine, Bushby, Palmer & Wood, James E. Nickerson, Hugh N. Fryer, New York City, on the brief), for defendant-appellee.

Before FRIENDLY, ANDERSON and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiff Diapulse Corporation of America urges error in the dismissal of its complaint in a libel action for failing to obey an order requiring production of certain material for discovery. Finding no abuse of discretion below, we affirm.

Plaintiff manufactures and sells a "Diapulse" machine allegedly useful in the treatment of various infections and diseases. The action was brought against defendant The Curtis Publishing Company, publisher of a magazine article which mentioned plaintiff's machine in less than ecstatic terms. Defendant denied libel and, *inter alia*, pleaded fair

comment and truth. Discovery by defendant commenced in January 1964, with the deposition of plaintiff by its president, Mr. Jesse Ross. Disputes quickly arose, but defendant nonetheless completed as much of the examination as possible. After the neutral territory was ploughed, defendant became dissatisfied with plaintiff's failure to cooperate in discovery proceedings and moved, in November 1965, to dismiss the complaint or alternatively for an order under Fed.R.Civ.P. 34 requiring production of various documents. The motion was argued before Judge Herlands, who referred it to a pretrial examiner. After further argument, the examiner submitted his report, which recommended that the Rule 34 motion be granted "in its entirety," and the other relief requested be denied. Judge Herlands thereupon ordered "that plaintiff shall produce for discovery and inspection, within 30 days from the date of this order, all of the documents" sought by defendant. The order was dated February 21, 1966, and stamped "filed" February 23. Thereafter, no documents were forthcoming. On April 7, defendant served a motion for an order under Fed.R.Civ.P. 37(b) (2) (iii) dismissing the complaint for refusal to obey the February 21 order. The motion to dismiss was heard on April 14 before Judge Murphy, who granted it, stating:

> We are satisfied that the plaintiff's conduct in refusing to obey a previous order of this court is willful and a flagrant disregard of the federal rules and, accordingly, its complaint is hereby dismissed.

Plaintiff appeals from Judge Murphy's order of April 27, 1966, dismissing the complaint,[1] and from a later order refusing to vacate the dismissal.

Taking plaintiff's arguments in sequential order, its first attack is on Judge Herlands's February 21 order granting defendant's Rule 34 motion. Plaintiff claims that "good cause" under

---

1. Plaintiff also moved for reargument before Judge Murphy, and the judge adhered to his earlier decision.

Rule 34 was not demonstrated. The papers sought included case histories prepared by a Dr. Smith, showing treatment of arthritic patients with plaintiff's machine, plaintiff's correspondence with Dr. Smith, and reports and correspondence relating to the efficacy of the machine. These were obviously most significant documents, bearing directly at least on the defense of truth, and the information in them was not otherwise easily obtainable. In the face of the affidavits defendant submitted and the admitted agreement of the parties to waive "good cause," plaintiff's argument based on lack of "good cause" is frivolous.

■ The other objections to the February 21 order are also insubstantial. Plaintiff claims that the order was fatally vague, primarily because it does not clearly deal with whether defendant can make copies or photographs of the case histories or otherwise make unrestricted use of them. But this issue was actually litigated before Judge Herlands and decided against plaintiff. Defendant's moving affidavit asked that the case histories be turned over to defendant's counsel for a period of one week so that copies could be made; plaintiff's affidavit in opposition averred that "The whole controversy [raised by defendant's motion] arises out of the demand by defendant that it copy these case histories"; and the subsequent recommendation of the examiner and the granting of the order do not reveal any reason to believe that copying was not within the scope of the order or that any restrictions were placed on defendant. Certainly in this case inspection, which it had already once had, would not have been of much use to defendant without the right to copy. Moreover, we do not agree with plaintiff's contention that there is a sig-

nificant distinction between making "copies" and "photographs," unless the former is restricted to quill and longhand, a construction we emphatically reject. There is no reasonable basis for plaintiff's contention that the order did not decide the issue, or that the order was invalid for failing to comply with the last sentence of Rule 34. Any other "conditions" plaintiff now seeks are clearly afterthoughts which were waived by failure to request them in opposition to defendant's motion.

■ Finally, plaintiff argues that use of the pretrial examiner conflicted with Fed.R.Civ.P. 53,[2] because plaintiff was not given notice of the examiner's report and an opportunity to object to it prior to the entry of the discovery order. But in the district court, plaintiff stated that it did not object to the substance of the examiner's report (which it received shortly after it was rendered), except for the claim that it is ambiguous. As already indicated, neither the examiner's report nor Judge Herlands's order was in context susceptible to a good faith claim of ambiguity. Under these circumstances, any alleged procedural error in the handling of the examiner's report was not prejudicial and was, in any event, waived.[3]

Turning to Judge Murphy's April 27 order dismissing the complaint, plaintiff argues that it did not disobey the February 21 order, although the latter flatly ordered plaintiff to produce for "discovery and inspection" documents identified by reference to defendant's motion papers. Plaintiff admits that its position below was that it would not permit copying and photographing of the case histories without restrictions and that that was the source of the dispute. However, it claims that the "good faith" raising of this issue again before Judge

2. The pretrial examiner system in the Southern District of New York has been operating experimentally for several years under specific appropriation from Congress. See 1964 Judicial Conference Reps. 55–56; 1961 Admin.Office of U.S. Cts.Ann.Rep. 191.

3. Plaintiff also claims that the court's denial on February 21 of plaintiff's cross-motion to strike material from defendant's moving affidavit was erroneous. We find no abuse of discretion in the denial of the cross-motion.

Murphy should not have resulted in dismissal, and that since the documents were tendered for "inspection" only twenty days late, dismissal was an abuse of discretion.

■ To appraise adequately the posture of the case before Judge Murphy, a close examination of the facts is necessary. The treatment of defendant's request for Dr. Smith's case histories—only one of the categories of documents it sought—is instructive. It must be remembered that one of the chief defenses to the libel action was truth, an issue on which defendant had the burden of proof. Diapulse Corp. of America v. Birtcher Corp., 362 F.2d 736, 743 (2d Cir.), cert. dismissed, 385 U.S. 801, 87 S.Ct. 9, 17 L.Ed.2d 48 (1966). Defendant regarded Dr. Smith's histories as crucial documents, characterizing them as the basis for plaintiff's dramatic claim of a medical breakthrough; defendant's report of an alleged challenge to this claim by a research organization triggered the libel action. Defendant wanted the histories to show to its own experts to see if the histories actually supported plaintiff's claim. At one of Mr. Ross's depositions, 389 pages of the case histories were produced, but plaintiff withdrew an offer to turn them over for copying. Visiting plaintiff's offices thereafter, defense counsel found only 205 pages of histories. Plaintiff opposed copying the histories on the purported ground of confidentiality, although no patients were named in them and the histories had been turned over by plaintiff to various doctors. As already indicated, plaintiff's objections to copying were thereafter thoroughly litigated before the examiner and Judge Herlands, and plaintiff was ordered to produce them within thirty days. It did nothing, so that on April 7, when plaintiff received defendant's motion to dismiss, plaintiff was already in default. Counsel for plaintiff thereupon wrote defense counsel admitting, *inter alia*, that "I should have requested of you an extension of time." Defendant then proposed a stipulation of dismissal unless production was made by April 19. The stipulation was rejected. Plaintiff's counsel then again offered to make the documents available for examination (but not for photographing) at his or plaintiff's office. This was rejected on the ground that defendant wanted not merely to inspect, but to copy and photograph the documents at defendant's expense, and that defendant's right to do so had already been litigated and decided by Judge Herlands.

We see no justification for plaintiff's adoption of its own favorable construction of the February 21 order to the bitter end until April 14, when defendant's motion to dismiss was argued before Judge Murphy. There was no true compliance with the February 21 order at any time. Nor was this an isolated instance on plaintiff's part. The record is full of other evasions and dilatory tactics; e. g., in connection with the cancellation of an important distribution contract, plaintiff's president could not recall at depositions whether there were any writings, could not find any, and could not remember any reason for cancellation although defendant's alleged libel "could have been a contributing factor"—yet after receiving defendant's motion to dismiss, plaintiff "located" the letter terminating the contract; plaintiff's president could not find a copy of the corporation's 1961 annual report, although about 1,500 copies had been run off for stockholders and 150 kept by plaintiff; despite repeated requests, plaintiff did not produce its advertisements placed prior to 1964, although one of the claims of libel is that plaintiff was improperly labelled a "huckster of pain." Each of these incidents may not have been dramatic, but they help to give the true flavor of the case before Judge Murphy. By the time the matter came before the judge, plaintiff may have hoped for nonenforcement of the rules and one more opportunity to relitigate the matters decided by Judge Herlands. However surprise engendered by a court's adherence to the rules is not a good ground for appeal. Judge Mur-

phy's decision to dismiss the complaint was not precipitate; it was made almost two weeks after argument of the motion, and thereafter the judge granted plaintiff's motion to reargue and reaffirmed his original order. There is no issue of importance raised now that was not considered by one or both of these district judges.

Arguing that the sanction of dismissal was inappropriate, plaintiff cites four cases, none of which is controlling: Weiss v. Bonsal, 344 F.2d 428 (2d Cir. 1965) (*per curiam*), involved a *pro se* litigant who may have been afraid of waiving an objection unrelated to discovery by submitting to discovery; in Gill v. Stolow, 240 F.2d 669, 672 (2d Cir. 1957), there was ill health and "a real attempt to comply with the court's order thereafter"; in Independent Prods. Corp. v. Loew's Inc., 283 F.2d 730 (2d Cir. 1960), the finding of non-compliance was reversed; and Trans World Airlines, Inc. v. Hughes, 332 F.2d 602, 614 (2d Cir. 1964), cert. dismissed, Hughes Tool Co. v. Trans World Airlines, Inc., 380 U.S. 248, 249, 85 S.Ct. 934, 13 L.Ed.2d 817, 818 (1965), is merely an example of a correctly applied dismissal sanction. In determining whether the district court has erred in these matters, the particular facts of the case must control. The question is one of discretion, and in exercising it Judge Murphy was permitted to take into account the full record of the case before him. Cf. Link v. Wabash R. R. Co., 370 U.S. 626, 633–635, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). On that record, we will support the conclusion of an experienced trial court judge that the discovery rules were so flagrantly ignored that dismissal was justified. Cf. Jones v. Uris Sales Corp., 373 F.2d 644 (2d Cir. March 2, 1967).

Finally, plaintiff separately appeals from another order of Judge Murphy, dated August 24, 1966, denying a motion under Rule 60(b) for relief from the earlier dismissal of the complaint. Although plaintiff's motion was made in the district court in July 1966, over two months after it had filed a no-

tice of appeal from the April 27 dismissal, it was proper procedurally, because permission of this court to so move in the trial court had been obtained. Weiss v. Hunna, 312 F.2d 711, 713 (2d Cir.), cert. denied, 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963). Plaintiff contended in the district court that it was entitled to relief under Rule 60(b) because its attorney first learned of the February 21 discovery order upon receipt on April 7, 1966 of defendant's motion to dismiss. Although defendant sharply disputes this, we need not deal with the issue. There is no doubt that between April 7 and April 14, when Judge Murphy heard argument on the motion to dismiss, plaintiff knew about the February 21 order. It decided to construe that order as it saw fit and its answering affidavit to the motion to dismiss does not offer true compliance with the February 21 order, but merely relitigates the basic issue of copying. In the context of the dispute, this could not have been the result of "mistake." No other ground for the 60(b) motion requires comment.

The orders appealed from are affirmed.