### HOSPITAL ASSOCIATION OF NEW YORK STATE, INC. et al., Plaintiffs,

v.

### Philip L. TOIA, as Commissioner of Social Services of the State of New York et al., Defendants.

### No. 76 Civ. 2027.

United States District Court, S. D. New York.

Nov. 5, 1976.

As Amended Nov. 11, 1976.

Endorsement Jan. 25, 1977.

Proskauer, Rose, Goetz & Mendelson, New York City, for plaintiffs; Jacob Imberman, New York City, of counsel.

Rosenman, Colin, Freund, Lewis & Cohen, New York City, for plaintiff New York City Health & Hospitals Corp.; Peter F. Nadel, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for State defendants; Irwin Finkelstein, New York City, of counsel.

Covington & Burling, Washington, D. C., for State defendants; Charles A. Miller, Washington, D. C., of counsel.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for defendant Matthews; John M. O'Connor, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

On appeal from the grant of an injunction prohibiting defendants from implementing without prior HEW approval three new State regulations, 10 N.Y.C.R.R. §§ 86.21(k), 86.14(b), and 86.26, which govern aspects of State reimbursement to hospital participants in the Medicaid program, the Court of Appeals remanded for a determination of whether or not HEW's approval of two of the regulations subsequent to the grant of injunctive relief rendered them retroactively effective.[1] The reasons which

---

1. The State submitted two of the three proposed changes in a single "transmittal" to HEW. These two proposed regulations, 10 N.Y.C.R.R. §§ 86.21(k) and 86.14(b) were both approved by HEW on August 16, 1976. A third amendment (§ 82.26) was separately submitted by the State to HEW, and was approved by HEW on October 4, 1976. Although at the

supported the earlier ruling that prior approval from HEW was required similarly compel a finding that approval of the regulations is prospective, not retroactive, in effect.

■ The State's principal contentions in support of the proposition that the regulation may be retroactively applied are substantially repetitious of its arguments on the question, earlier decided by the court, as to whether prior approval from HEW was required. We continue to believe that the initial ruling was correct and should not be modified or reversed. Both the language of the statute, 42 U.S.C. § 1396a(a)(13)(D) and of the regulations promulgated by the agency charged with administration of the medicaid program, 45 C.F.R. § 250.30(a)(2) (see *Lewis v. Martin*, 397 U.S. 552, 559, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970)) require that these kinds of changes—that is, those going to the "methods and standards" for reimbursements of hospitals for inpatient services—be approved by the Secretary prior to going into effect. See *New Jersey Hospital Association v. Klein*, Civ. No. 76–64 (D.N.J. April 9, 1976). Cf. *Columbia Heights Nursing Home and Hospital Inc. v. Weinberger*, 380 F.Supp. 1066 (M.D.La. 1974).

It is suggested that because New York provides prospective rather than retrospective reimbursement of medicaid costs, prior HEW approval was unnecessary and retroactive application of HEW approval is appropriate: "Even if charges were unreasonable or confiscatory, prior approval of charges is not needed since the Plan *a priori* provides for a method of payment of costs." State Memorandum at 3. However, a hospital's ability to plan its procedures around reimbursement eligibility criteria (necessary to permit planning of the hospital budget) depends not on whether reimbursement is prospective or retrospective but on its knowledge before expenditures or other commitments are made of what the require-

ments for receiving State reimbursement are.

The State's argument that the hospitals were put on notice of the proposed changes is simply incorrect. Although it is true that the State advised the hospitals in the Fall of 1975 that its 1976 payments would be made on the basis of "interim" development of new rates, there was no notice that the State might attempt later in 1976 retroactively to change the rules under which the hospitals were operating in January, 1976. Indeed, when the State submitted the new regulations to HEW in the Spring of 1976, the State itself proposed an effective date of May 28, 1976 for regulations §§ 86.14(b) and 86.21(k) and of June 24, 1976 for regulation § 86.26. Under these circumstances it is inconceivable that the hospitals can be charged with knowledge that the new regulations would be applied retroactively to January 1st. See *St. Francis Memorial Hospital v. Weinberger*, 413 F.Supp. 323 (N.D.Cal.1976).

The State contends that retroactive effect must be given to the now-approved regulations because of 42 U.S.C. § 1396a(a)(30) which requires a state plan to "provide . . . methods and procedures relating to . . . the payment for, care and services available under the plan . . . to assure that payments . . . are not in excess of reasonable charges consistent with efficiency, economy, and quality of care". It is argued that since the changes were approved, payments at the former rates—to the extent that they were any higher—would be "in excess of reasonable charges." However, the previous payment methods had also been approved by HEW and were presumably reasonable until such time as they were replaced. Moreover, as indicated above, it would be inconsistent at least with "efficiency," and "quality of care" to change the rules for reimbursable expenses after an expenditure period has ended.

time of the Court of Appeals remand only two of the three regulations which were the subject of the preliminary injunction had been approved, now that all three of them have been approved we consider the retroactivity of all of

them since all relate to the method of reimbursement for inpatient services and are governed by 42 U.S.C. § 1396a(a)(13)(D) which requires prior approval by HEW.

We conclude that the regulations which were the subject of the judgment entered on August 2, 1976 may not be retroactively applied by the State to the period commencing January 1, 1976 but may be applied only from the date on which they were approved by HEW.

Accordingly, the defendants are directed to comply with the order of August 2, 1976 as modified by the order of October 15th.

It is so ordered.

## ENDORSEMENT

The State defendants move to dismiss for lack of subject matter jurisdiction on the grounds that the relief still sought and previously awarded is barred by the Eleventh Amendment. The motion is based on the proposition that the effect of the statute passed by Congress October 18, 1976, Pub.L. No. 94–552, repealing 42 U.S.C. § 1396a(g) which formerly required the State to waive its Eleventh Amendment immunity, is retroactive and bars past and future money judgments.

In ordinary circumstances, the court would, of course, entertain a motion to dismiss on these grounds at any stage of the proceedings. The circumstances here, however, are far from ordinary. Prior rulings of this court are presently on appeal before the Court of Appeals, including the Eleventh Amendment argument put to this court. Indeed, on an earlier application to the Court of Appeals for a stay pending appeal from the earlier rulings of this court, the State defendants argued as a ground for the stay the very proposition now put before this court, and the Court of Appeals nevertheless refused a stay.

It is suggested that in spite of the extraordinary posture of the case, the motion should, nevertheless, be entertained by this court pursuant to a line of cases relating to the provisions of Rule 60(b) of the Federal Rules of Civil Procedure.

The argument runs as follows: The instant motion may be regarded as a motion under Rule 60(b) which authorizes the court to vacate a judgment for mistake, voidness, or "for any other reason justifying relief from the operation of the judgment." It is next contended that the Court of Appeals of this circuit has ruled in *Ryan v. United States Lines Co.*, 303 F.2d 430 (2d Cir. 1962) that where a Rule 60(b) motion is made to the District Court while an appeal in the case is pending, the preferred course is for the District Court "first to determine whether it would grant the motion; if it decides in favor of it, then and then only is the necessary remand by the court of appeals to be sought." 303 F.2d at 434.[2] There is no doubt that the *Ryan* rule is an efficient device for the determination of matters in such a posture when the issue is whether the District Court would or would not have issued the judgment in question if the facts were other than existed at the time the original judgment was entered. Here, however, the question put both to the District Court and the Court of Appeals is one purely of law. It is plain that the binding decision will be made by the Court of Appeals since even if the District Court were to act the losing side would appeal. That being so, the interest of judicial economy would not be served by the District Court rendering an advisory opinion on a matter of law to the Court of Appeals.

Although in fact we decline to entertain the motion, for the purpose of clearing the docket the motion is denied.

It is so ordered.

---

2. We disagree with plaintiffs' contention that *Weiss v. Hunna*, 312 F.2d 711 (2d Cir. 1963) and *Diapulse Corp. v. Curtis Publishing Co.*, 374 F.2d 442 (2d Cir. 1967) disapprove the procedure recommended in *Ryan, supra.*