Theodore WHEELER and Donald
Wheeler, Appellants,

v.

ANCHOR CONTINENTAL,
INC., Appellee.

Equal Employment Opportunity
Commission, Amicus Curiae.

No. 79-1116.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1980.

Decided May 29, 1980.

Napoleon B. Williams, Jr., New York City
(Jack Greenberg, James M. Nabrit, II, Lo-
well T. Johnston, New York City, Daniel
Fulton and William L. Pyatt, Columbia, S.
C., on brief), for appellants.

Warren Bo Duplinsky, E.E.O.C. (Leroy D.
Clark, Gen. Counsel, Joseph T. Eddins, Jr.,
Associate Gen. Counsel, Lutz Alexander
Prager, E.E.O.C., Washington, D. C., on
brief), for amicus curiae Equal Employment
Opportunity Commission.

James B. Spears, Jr., Greenville, S. C.
(Robert S. Phifer, Haynsworth, Baldwin &

Miles, Greenville, S. C., Thomas E. McCutchen, Whaley, McCutchen & Blanton, Columbia, S. C., on brief), for appellee.

Before RUSSELL, HALL and PHILLIPS, Circuit Judges.

PER CURIAM:

This is an appeal from an order entered during the preliminary proceedings in this Title VII case granting attorney's fees against counsel for the plaintiffs for "vexatiously and unreasonably multipl[ing] and prolong[ing] the pre-trial proceedings . . resulting in excessive costs to defendant." A stay of such order was granted during the pendency of this appeal. Without deciding whether as a matter of statutory construction, the appeal from such order is premature prior to final judgment, we feel that, absent some special circumstances, any award of attorney's fees prior to final judgment in any case should generally await the termination of the case on the merits, and that any appellate review of such an award should only be had in connection with the review of the final judgment in the case. Such a procedure avoids the interruptions that generally result from interlocutory appeals. Accordingly, any appellate review in this case of the award of attorney's fees, made prior to final judgment, should await final judgment, and should be subject to review and/or revision by the district court at the time of final judgment. The result of this ruling renders tentative the order from which this appeal is taken and thus makes unnecessary at this stage any bond to assure payment of the award.

The cause is accordingly remanded to the district court for further action consistent with our ruling herein, including the vacation at this time of the bond heretofore required and given to assure compliance with the order of the district court from which this appeal has been taken.

*REMANDED WITH INSTRUCTIONS.*