In re UNDERWRITERS AT LLOYD'S
and British Insurance Companies,
Petitioners.

FEDERAL LEASING, INC.,
etc., Appellee,

and

Kirchner, Moore and Company, et
al., Plaintiffs,

v.

UNDERWRITERS AT LLOYD'S, et
al., Appellants,

v.

SUBURBAN TRUST COMPANY,
etc., Appellee,

and

Federal Leasing, Inc., et al.,
Counterdefendants.

FEDERAL LEASING, INC.,
etc., Appellee,

and

Kirchner, Moore and Company, et
al., Plaintiffs,

v.

UNDERWRITERS AT LLOYD'S, et
al., Appellants,

v.

SUBURBAN TRUST COMPANY,
etc., Appellee,

and

Federal Leasing, Inc., et al.,
Counterdefendants.

Nos. 81–1372(L), 81–1395 and 81–1516.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1981.

Decided Dec. 9, 1981.

John D. Gordan, III, New York City (Eugene F. Bannigan, New York City, Walter C. Alesevich, Lord, Day & Lord, New York City, John E. Sandbower, III, Robert J. Carson, Phillips P. O'Shaughnessy, Smith, Sommerville & Case, Baltimore, Md., on brief), for appellants.

John Doar, New York City, Benjamin Rosenberg, Baltimore, Md. (G. Stewart Webb, Jr., Venable, Baetjer & Howard, Baltimore, Md., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and PHILLIPS and ERVIN, Circuit Judges.

PER CURIAM:

These appeals are sequels to the litigation detailed in the opinion of this Court in *Federal Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495 (CA4 1981). The origin of the controversy is the agreement of March 13, 1978, between Underwriters at Lloyd's (Underwriters) and Federal Leasing, Inc. (FLI), respectively appellant and appellee here. On June 12, 1978, in the Federal District Court for Maryland, FLI sued Underwriters for breach of this agreement, seeking compensatory and punitive damages. On April 17, 1980, the District Judge issued an injunction *pendente lite* requiring Underwriters to perform its obligations[1] under the March 13 agreement, 487 F.Supp. 1248 (D.Md.1980); we affirmed, 650 F.2d 495 (CA4 1981).

As events followed toward trial on the merits, FLI made demand upon Underwriters to produce certain documents then in the latter's possession. Upon Underwriters' refusal of these demands, FLI moved the court to compel discovery of these papers. Underwriters resisted the motion, asserting that these documents were not discoverable because they were protected by the attorney-client privilege and the "work product doctrine." The trial judge, on March 3, 1981, overruled Underwriters' objections and ordered the documents produced.

Underwriters' initial response to the District Court's ruling was to move that court to reconsider its decision. The District Judge not only reaffirmed his earlier ruling but, finding that reconsideration was not substantially justified, he ordered Underwriters to pay FLI's counsel fees incurred in responding to the motion pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure. Appeal No. 81–1516, consolidated herein, is Underwriters' attempt to have this order reviewed. Following the disposition of its motion to reconsider, Underwriters petitioned this Court for a writ of mandamus directing the District Court to vacate its order compelling discovery.[2]

## I

The subject of this endeavor is a collection of six documents that divide into three classes. The first comprises an opinion letter of the LeBoeuf law firm, counsel for Underwriters, and a second letter, drafted by an officer of Underwriters' claims adjusters, detailing the LeBoeuf letter. The essence of LeBoeuf's advice was that litigation over FLI's claims be avoided as adverse results were probable. FLI obtained a draft copy of this letter under disputed circumstances; this draft and the final

---

1. As expounded in the opinion of the District Court, these obligations arose from Underwriters' covenants to insure loans made to FLI to finance its business of buying and leasing computers. *See* 487 F.Supp. at 1253–54.

2. Subsequently, Underwriters sought an appeal from the same orders compelling discovery.

Admitted to be a "protective appeal" duplicative of the mandamus petition, this appeal comes before us neither from a final order of the District Court nor under any of the exceptions to that requirement under 28 U.S.C. § 1291. Accordingly, we dismiss the appeal in No. 81–1395.

opinion letter are "almost identical." *Federal Leasing, Inc. v. Underwriters at Lloyd's*, No. H–79–1088, slip op. at 5 (D.Md. March 3, 1981). Upon consideration of affidavits presented by both parties, the District Court concluded that a copy of the draft letter was given voluntarily to FLI's attorney at a time when the parties "were working in a friendly and cooperative manner in an effort to conclude the agreement . . . ." *Id.* Hence the letter was not a confidential communication and was not privileged.[3]

The second group of documents contains four items relating to two particular claims under the agreement of March 13. The collection of documents submitted for our *in camera* inspection includes only three of the four documents in this class, each pertaining to the "Dial Financial Bank" claim.[4] These three documents consist of two inter-office communications of Underwriters' claims adjusters and one letter from Underwriters to the same firm of adjusters. Underwriters claims that certain portions of these papers referring to advice rendered by LeBoeuf were privileged; here the gist of the advice was that the claim was presently payable.

The District Judge found that copies of these documents were "indiscriminately distributed among the various files of defendants and their agents," thus defeating any claim that the material was confidential. He went further to rule that, even had Underwriters kept a tighter rein on these documents, "the communications in question do not have the effect of revealing a confidential communication from the client to the attorney. . . . Advice given by LeBoeuf . . . [was] based on information obtained from nonprivileged documents." Slip op. at 4.

The third and final class comprises a single document. According to the District Court, this document

> is a memorandum written by an attorney of the LeBoeuf firm reporting on a meeting held between attorneys for Underwriters and officers of Federal Leasing. This communication does no more than report on events that occurred at a meeting attended by representatives of plaintiff as well as representatives of defendants. It does not reveal any privileged communications from either Underwriters or their agent.

*Id.*

## II

■ The Supreme Court has admonished that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). Underwriters' petition urges this Court to invoke such extreme procedures so that we may choose between broad and narrow constructions of the attorney-client privilege. The District Court, however, has made factual determinations that operate to defeat Underwriters' claim of privilege under any of the proffered theories. Because these findings are binding upon this Court unless clearly erroneous, we find that Underwriters' petition falls plainly short of demonstrating the requisite urgency under *Kerr*.

■ Underwriters' work product claims present an even weaker basis for mandamus. No question of privilege is involved; the work product doctrine is grounded in policies of fairness and convenience to the

---

3. This occasion marked the second time the District Judge had ruled that the draft letter was not protected by the attorney-client privilege. He relied in part on this same letter in reaching his decision to issue a preliminary injunction against Underwriters. *Federal Leasing, Inc. v. Underwriters at Lloyd's*, 487 F.Supp. 1248, 1257 & n. 13 (D.Md.1980). On the earlier appeal of that preliminary injunction, Underwriters did not raise the issue of privilege.

4. The missing document relates to an "Endicott Johnson" account and is described by the District Judge as "a letter from [the claims adjusters] to LeBoeuf enclosing certain documents and requesting LeBoeuf to review the documents so that the matter could be discussed further." Slip op. at 3. Because Underwriters' arguments do not address this document with specificity, we consider this claim of privilege abandoned.

parties. These policies are common to all discovery orders, and these claims demand no special consideration. The rule is firmly and universally established that mandamus cannot be used to challenge ordinary discovery orders. *See, e.g., City of Cleveland v. Krupansky*, 619 F.2d 572 (CA6), *cert. denied*, 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980); *National Bondholders Corp. v. McClintic*, 99 F.2d 595 (CA4 1938).

### III

 Underwriters' attempt to appeal the District Court's award of counsel fees need not detain us. We hold that we lack jurisdiction to hear such an appeal at this stage of the litigation. 28 U.S.C. § 1291 (1976); *see Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co.*, 634 F.2d 1215 (CA9 1980); *Evanson v. Union Oil Co. of Cal.*, 619 F.2d 72 (Emer.Ct.App.), *cert. denied*, 449 U.S. 832, 101 S.Ct. 102, 66 L.Ed.2d 38 (1980). The policy of this Circuit regarding the appeal of sanctions of this nature was stated with abundant clarity in *Wheeler v. Anchor Continental, Inc.*, 622 F.2d 94 (CA4 1980). "[A]ny appellate review ... of the award of attorney's fees, made prior to final judgment, should await final judgment and should be subject to review and/or revision by the district court at the time of final judgment." *Id.* at 95. By adopting this approach, we advance the dual policies of avoiding piecemeal appeals and affording deference to the District Court.

Were we inclined to adopt the expansive view of the collateral order doctrine espoused by the Tenth Circuit in *Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370 (CA10 1978), we believe it cannot survive the Supreme Court's teachings in *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). Admonishing that the collateral order doctrine constitutes "a narrow exception to the requirement that all appeals under § 1291 await final judgment" the Court required that an appealable collateral order "be effectively unreviewable on appeal from a final judgment." *Id.* at 375, 101 S.Ct. at 674. Quite simply, an award of counsel's

fees under Rule 37 fails to satisfy this stringent standard.

### IV

For the foregoing reasons, Underwriters' petition for a writ of mandamus is denied. The appeals in No. 81–1395 and No. 81–1516 are dismissed.

Mandamus denied and appeals dismissed.