INDUSTRIAL AIRCRAFT LODGE 707, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO

v.

UNITED TECHNOLOGIES CORPORATION, PRATT & WHITNEY AIRCRAFT DIVISION.

Civ. No. H 83–940.

United States District Court, D. Connecticut.

Jan. 29, 1985.

---

Gregg D. Adler, Daniel E. Livingston, Kestell, Pogue & Gould, Hartford, Conn., for plaintiff.

Edward J. Dempsey, Farmer, Wells, Sibal & Dempsey, Hartford, Conn., for defendant.

## RULING ON MOTION FOR ORDER OF COMPLIANCE AND ORDER

JOSÉ A. CABRANES, District Judge:

The question presented is whether a court order directing the payment of costs and fees for failure to comply with discovery requests ought to be stayed pending the entry of a final judgment.

By a motion filed on October 17, 1984, the plaintiff asks the court to direct the defendant to comply with an order of the court entered on June 12, 1984 ("the Order"). In the Order, the court granted the plaintiff's Revised Request for Costs and Fees (filed May 16, 1984) relating to the plaintiff's Motion to Compel (filed May 7, 1984), which was granted on May 9, 1984. The Order instructed the defendant to pay to the plaintiff, pursuant to Rule 37(a)(4), Fed.R.Civ.P.[1], the sum of $608.35.[2]

The defendant has not yet complied with the Order, and it now contends that its enforcement must be stayed pending the entry of a final judgment in this case.[3] However, the defendant has not brought to the court's attention any authority suggesting that the court lacks the power to compel the defendant to comply with the Order forthwith. Nor has the defendant directed the court to any authority in our Circuit supporting the appropriateness of staying execution of the Order pending the entry of a final judgment.[4]

1. Rule 37(a)(4), Fed.R.Civ.P., states, in pertinent part:

   If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

2. The defendant contends that the sum at issue in this motion is *de minimis* and not worthy of the time or effort of counsel or the court. *See* [Memorandum in] Opposition of Defendant to Plaintiff's Motion for "Order of Compliance"

(filed Nov. 14, 1984) ("Defendant's Memorandum") at 1–2, 6–7. The defendant has apparently seized upon a novel defense to a motion for collection of an undisputed obligation—that the amount owed is so small that the debtor should not be troubled to pay it.

3. Defendant's Memorandum at 2.

4. The defendant relies on decisions of courts in other Circuits concerning the effect and reviewability of interlocutory orders imposing liability for fees and costs. *See, e.g., Kordich v. Marine Clerks Association,* 715 F.2d 1392, 1393 & n. 2 (9th Cir.1983) (suggesting that district court may stay enforcement of order compelling litigant and his attorney to pay opposing party's fees and costs as sanction for bringing frivolous motion for temporary restraining order);

## Discussion

■ An award of expenses under Rule 37(a)(4) is a sanction imposed on a litigant for his failure to cooperate with discovery where no "substantial justification" exists for his failure to cooperate. 4A *Moore's Federal Practice*, ¶ 37.02[10] (2d ed. 1984). The purpose of the rule is to deter parties from pressing frivolous requests for or objections to discovery. Advisory Committee on Civil Rules, Note to 1970 Amendment to Rule 37(a)(4), 48 F.R.D. 538, 540 (1970). Although an award of costs is calculated primarily to reimburse rather than to punish, *see* 4A *Moore's Federal Practice, supra,* ¶ 37.02[10], the court is free to consider the value such an order may have as a deterrent, both in the case before it and in other litigation. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–764, 100 S.Ct. 2455, 2462–2463, 65 L.Ed.2d 488 (1980); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir.1979); *J.M. Cleminshaw Co. v. City of Norwich,* 93 F.R.D. 338, 349 (D.Conn.1981).

Delaying execution of the Order clearly will undermine the compensatory purpose of Rule 37(a)(4). An award of costs may be granted months or years before the entry of a final judgment. Inasmuch as there are no provisions for the accrual of interest between the entry of a Rule 37 order directing the payment of costs and the execution of that order, a party awarded costs under Rule 37 will not receive the full reimbursement to which it is entitled unless the order is executed immediately.

■ A delay in the execution of a Rule 37 sanctions order will also decrease its deterrence value. A sanction is most effective as a deterrent if it follows closely on the heels of the offending conduct. The defendant asks the court to characterize the Order as a "tentative" award, subject to modification or vacatur at the time of final judgment.[5] Rule 37(a)(4) does not envisage, much less require, a "tentative" award of costs and fees. No other discovery sanction available in the federal courts is required to be stayed pending entry of a final judgment.[6] The rejection of a characterization of an award of costs and fees under Rule 37(a)(4) as "tentative" merely places this provision on an equal footing with other discovery sanctions available under the Federal Rules of Civil Procedure. In any event, "tentative" awards would not serve to deter obstructive conduct by litigants in the course of discovery.

A trial court has considerable discretion in determining which of the available discovery sanctions is most appropriate in a particular situation. *See, e.g., Diapulse Corp. of America v. Curtis Publishing Co.,* 374 F.2d 442, 446–447 (2d Cir.1967); *J.M. Cleminshaw Co. v. City of Norwich, supra,* 93 F.R.D. at 352–353; C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2284 (1970). This discretion surely includes the power to determine *when* an award of costs imposed as a discovery sanction shall be paid. In this case, the court finds that the purposes of Rule 37(a)(4) will be served most effectively if

*Wheeler v. Anchor Continental, Inc.,* 622 F.2d 94, 95 (4th Cir.1980) (describing as "tentative" an interlocutory award of attorney's fees granted pursuant to 42 U.S.C. § 2000e *et seq.*). Assuming *arguendo* that the holdings of these cases have some relevance to an award of fees and costs under Rule 37, there is no suggestion that these holdings have been adopted by our own Court of Appeals, and they are thus not binding on this court. *See, e.g., Securities and Exchange Commission v. Shapiro,* 494 F.2d 1301, 1306 n. 2 (2d Cir.1974). In any event, they also are not persuasive authority on the issue at hand.

**5.** Defendant's Memorandum at 3–4.

**6.** At the oral argument held on December 3, 1984, counsel for the defendant acknowledged that the Federal Rules of Civil Procedure do not provide for a stay of any discovery sanction pending entry of a final judgment. In fact, most of the discovery orders defined in Rule 37 are incapable of being stayed pending entry of a final judgment. *See, e.g.,* Rule 37(b)(2)(A) (order that matters be taken as established in accordance with the position of the non-obstructive party); Rule 37(b)(2)(C) (order striking out pleadings or staying proceedings until discovery order is obeyed).

the defendant is required to pay the plaintiff forthwith.

### Conclusion

For the reasons stated above, the plaintiff's Motion for an Order of Compliance (filed Oct. 17, 1984) is granted. The defendant shall pay to counsel for the plaintiff the sum of $608.35 by no later than February 8, 1985.

Because the defendant relied in apparent good faith on arguably relevant decisions of courts in other Circuits, and because the Order did not require the defendant to make payment to the plaintiff by a particular date, the court finds that it would be inappropriate and unjust to award costs and fees pursuant to Rule 37(b)(2) with respect to the defendant's opposition to this motion.

It is so ordered.