**Mary GRANGER, Plaintiff,**

v.

**Tom WILLIAMS, Defendant.**

**Civ. A. No. 81–CV–60118–AA.**

United States District Court,
E.D. Michigan, S.D.

Oct. 15, 1986.

Mary Granger, in pro per.

Robert L. Gordon, Washington, D.C., for defendant.

## ORDER OF DISMISSAL

LA PLATA, District Judge.

On July 8, 1981, Plaintiff, Mary Granger, instituted a civil rights action against Tom Williams (Defendant), a special agent of the Internal Revenue Service. Defendant was the lead agent assigned to a criminal investigation regarding Plaintiff's involvement in the preparation of fraudulent income tax returns. The investigation culminated in a conviction of Plaintiff in July, 1985, of thirteen counts of violating 26 U.S.C. § 7206(2), whereafter she was to serve an eighteen month term of imprisonment. In her complaint, Plaintiff averred that Defendant violated 26 U.S.C. § 6103 by making illegal disclosures concerning Plaintiff to seven individuals he interviewed during his investigation.

Initially, Plaintiff was represented by Fred A. Foley, who consented to the substitution of Richard M. Lustig on October 31, 1981. On July 1, 1986, the Court permitted Mr. Lustig, who asserted that Plaintiff was maintaining the lawsuit for an improper purpose, to withdraw as the champion of Plaintiff. The Court placed the action in abeyance for thirty days in order to provide Plaintiff with an opportunity to retain yet another attorney.

On August 6, 1986, Defendant renewed an earlier motion to Dismiss the action, based on Plaintiff's refusal to comply with various discovery requests. On March 17, 1986, Defendant transmitted a request for production of documents to Plaintiff. Among the documents sought by Defendant were those that buttress her claims that her reputation and business were damaged by Defendant's statements. The record reflects that Plaintiff neither has provided Defendant with the requested information nor offered a cogent reason to the Court for her non-fulfillment of the requests.

Under Fed.R.Civ.P. 37(d), a Court is empowered to impose sanctions upon a party who refuses to (1) attend her deposition; (2) serve answers to Interrogatories; or (3) serve a written response to a request for an inspection of documents. If the Court finds that a party failed to provide or permit discovery, it has discretion to impose any of the following penalties under Rule 37(b)(2):

"A. An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"B. An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

"C. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

"D. In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination."

Finding that Plaintiff's refused to furnish Defendant with necessary discovery information over a seven month period, the Court DISMISSES the action with prejudice, pursuant to Fed.R.Civ.P. 37(b)(2)(C).[1] Plaintiff's decision to thwart Defendant's attempts to prepare a defense to the allegations constitutes a wanton, flagrant violation of the Court rules. The fact that a Plaintiff is incarcerated does not absolve him or her from complying with discovery requests.[2]

---

**1.** In *Diapulse Corp. of America v. Curtis Publishing Co.,* 374 F.2d 442 (2d Cir.1967), the Court of Appeals upheld the District Court's dismissal of a case for the Plaintiff's failure to produce documents. See, generally, 8 Wright & Miller, Federal Practice & Procedure, § 2291 at 810 (1970).

**2.** See, for example, *Collins v. Pitchess,* 641 F.2d 740, 742 (9th Cir.1981), where the Court held that a prisoner is required, like any other Plaintiff, to prosecute his case with diligence.