Jules PLEVY, Plaintiff,

v.

C. SCULLY, Deputy Superintendent of Security, Attica Correctional Facility, Defendant.

CIV–78–584C.

United States District Court, W. D. New York.

April 8, 1981.

Jules Plevy, pro se.

Robert Abrams, Atty. Gen., State of N. Y., Buffalo, N. Y., (Douglas Cream, Asst. Atty. Gen., State of N. Y., Buffalo, N. Y.), for defendant.

CURTIN, Chief Judge.

This *pro se* civil rights action has been before this court for some time. Basically, plaintiff, an Orthodox Jew, contends that defendant denied him his right to use his tefillin in accordance with his religious beliefs. As an affirmative defense, defendant asserts that he acted in good faith and thus cannot be held financially liable for his conduct.[1] Defendant now moves to dismiss the action pursuant to Rule 37(d), Federal Rules of Civil Procedure, because plaintiff refused to submit to depositions or to produce requested documents on September 23, 1980.

Plaintiff argues that he never expressly refused to participate in discovery proceedings on that date. Rather, he told defendant's attorney several times that he would answer the questions and turn over his documents only if a lawyer representing his interests were present. He also offered to respond to any interrogatories submitted to him without outside legal assistance.

■ On the basis of the record, I find that plaintiff's explanation is inadequate to justify his refusal to yield to the deposition. Plaintiff initiated his lawsuit *pro se* in 1978. Since then, he has submitted many *pro se* pleadings in this case, which he is legally permitted to do. 28 U.S.C. § 1654. *See, e. g.*, Plaintiff's Motion for Summary Judgment, Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff's Affidavit in Opposition to Defendant's Motion to Dismiss. These documents are well-drafted and intelligently written. They include relevant legal authorities and case citations, and they manifest an understanding of general judicial procedure. Particularly in light of the court's sensitivity to a *pro se* litigant's status, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff's pleadings reveal no reason to question his ability to pursue his lawsuit *pro se*.

On June 12, 1980, defendant's attorney mailed plaintiff a notice to take plaintiff's deposition and to review documents on August 14, 1980. When he discovered that plaintiff was transferred from Attica Correctional Facility to Green Haven Correctional Facility in Stormville, New York, defendant's lawyer once again served a discovery notice on plaintiff for September 22, 1980. Though it is not clear whether plaintiff received the first notice, he does not deny receiving the second notice, dated August 21, 1980. Plaintiff therefore had at least a month to prepare for, respond to, or challenge defendant's notice of discovery.

The State Assistant Attorney-General, stationed in Buffalo, drove over three hundred miles to depose plaintiff. When he arrived, plaintiff protested for the first time that he would not proceed in the absence of an attorney. Plaintiff did not write to either defendant's attorney or the court about his concerns before the day of his deposition. Though he had a month to do so, he did not suggest answering interrogatories as an alternative to the depositions until defendant's attorney attempted to depose him. In the three years that this case has been active, plaintiff made no request for assigned counsel until he submitted his Affidavit in Opposition to Defendant's Motion to Dismiss dated January 21, 1981, in which he tried to explain his refusal to be deposed.

■ Assignment of counsel for indigent litigants in civil matters is not mandated by

---

1. Defendant maintains that plaintiff was subsequently permitted to use his phylacteries.

Plaintiff concedes such action. Plaintiff's letter to the Court, January 8, 1979.

law. *Turner v. Steward*, 497 F.Supp. 557, 560 (E.D.Ky.1980); 28 U.S.C. § 1915(d). Even if the interests of justice had eventually compelled assignment, however, the absence of an attorney cannot excuse plaintiff's eleventh-hour refusal to accede to discovery under all the circumstances.

 Defendant's requested relief, namely, dismissal of the entire action, is an undeniably drastic measure which should not be imposed indiscriminately. A Rule 37(d) dismissal or default is justified only where the litigant's failure to comply with proper discovery constitutes willfulness, bad faith, or gross negligence. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam); *Societe Internationale pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *Cine Forty-Second St. Theatre v. Allied Artists*, 602 F.2d 1062, 1067 (2d Cir. 1979). Even under these strict standards, I am satisfied that dismissal is warranted in this case.

Plaintiff had ample time to convey his reservations about going forth with discovery to the court and opposing counsel, but did not do so before the deposition date. He did not seek an adjournment.[2] He does not suggest that he cannot understand federal discovery rules and procedure. These circumstances manifest the degree of fault on plaintiff's part which is requisite to a Rule 37(d) dismissal.

Moreover, other sanctions normally available under Rule 37 are inadequate in this case. Plaintiff's indigency and incarceration would render an award of attorney's fees and costs to defendant a hollow gesture. Only one question, *i. e.*, defendant's good faith, remains at issue. To strike plaintiff's evidence relating to defendant's good faith defense would be tantamount to dismissing the case.

Finally, it is worth observing that by plaintiff's own admission, he is now able to use his religious phylacteries. *See* footnote 1. Plaintiff's request for injunctive relief is therefore moot. The only aspect of plaintiff's complaint which is adversely affected by this dismissal is his request for monetary damages. *See* Plaintiff's Traverse, May 15, 1979.

 The imposition of a Rule 37(d) dismissal must be based on an analysis of the full record of the case. *Stanziale v. First National Bank*, 74 F.R.D. 557, 559 (S.D.N.Y. 1977); *Krieger v. Texaco, Inc.*, 373 F.Supp. 108, 111 (W.D.N.Y.1973). The proceedings in this action from the filing of the initial complaint to the present fully justify such a dismissal.

Defendant's motion to dismiss plaintiff's complaint pursuant to Rule 37(d), Federal Rules of Civil Procedure, is granted. Plaintiff's complaint is dismissed. The Clerk of the Court is directed to enter judgment against plaintiff.

So ordered.

---

2. At an earlier stage in the proceedings, plaintiff requested and obtained an adjournment. There is no alleged reason he could not have made a similar request with respect to discovery.