**Richard A. SALAHUDDIN,**
**Plaintiff-Appellant,**

v.

**David HARRIS, Thomas Maile, Clement E. Capuano, Michael R. Egger, Fred Royce, Joseph P. Keenan, John Doe and Neil Giff, Defendants,**

**David Harris, Thomas Maile, Clement E. Capuano, Michael R. Egger, Fred Royce and Joseph P. Keenan, Defendants-Appellees.**

**No. 381, Docket No. 84–2194.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 1, 1985.

Decided Jan. 31, 1986.

---

Richard J. Tofel, New York City (Michael B. Mukasey, Patterson, Belknap, Webb & Tyler, New York City, of counsel), for plaintiff-appellant.

Charles R. Fraser, Asst. Atty. Gen., State of New York (Robert Abrams, Atty. Gen., Judith T. Kramer, Asst. Atty. Gen., State of New York, New York City, of counsel), for defendants-appellees.

Before MANSFIELD, MESKILL and CARDAMONE, Circuit Judges.

MESKILL, Circuit Judge:

The plaintiff in this action, Richard Salahuddin, appeals from an opinion and order of the United States District Court for the Southern District of New York that relied on Rule 37(d) of the Federal Rules of Civil Procedure to dismiss Salahuddin's claim for relief under 42 U.S.C. § 1983 (1982).

We reverse.

## BACKGROUND

Salahuddin initiated this action in January 1983. On April 8, 1983, the district court ordered defendants to answer the complaint within thirty days pursuant to 28 U.S.C. § 1915(d) (1982). After some delay in the service of process, defendants filed their answer on August 4, 1983. On August 11, the district court entered the first of what were to be many pretrial discovery orders.

Plaintiff then filed his interrogatories. Although many of them may have been objectionable, one of them was not. It requested defendant Harris to

give the full and complete details for each and every disciplinary report plain-tiff received at the GCF [Greenhaven Correctional Facility] during his last incercaration [sic] ...? give the full identity of each agents [sic] that issued a disciplinary report against plaint [sic], the date and time of incident, the date and time report was actually made out and issued to plaintiff?

App. at 30. Defendants moved to extend the discovery deadline twice, once in October and once in December. Their present counsel was appointed to the case in January 1984. Six days after he was assigned to the case, defendants' counsel moved for another extension of the discovery deadline and moved for an order under Federal Rules of Civil Procedure 30(a) to take Salahuddin's deposition. App. at 180.

During this entire period Salahuddin's interrogatories remained unanswered. He had moved to compel discovery.

The district court ordered that Salahuddin's deposition be taken. The deposition was scheduled at the Auburn Correctional Facility on March 6, 1984. The district court placed some conditions on the taking of the deposition, none of which is relevant to this appeal. At the time the Rule 30(a) order was entered, defendants' attorney knew that Salahuddin had moved to compel discovery and therefore the attorney presumably knew that the failure to answer Salahuddin's interrogatories would be a source of dispute in the litigation. *See* App. at 58.

Salahuddin received notice of the deposition and had some correspondence with defendants' attorney. In a letter that defendants' attorney received the same day that he departed New York City for Auburn, New York to take Salahuddin's deposition, Salahuddin told the attorney that he might be late for the deposition and added "I'll not keep you waiting to[o] long, certainly not as long as I've been waiting." App. at 197.

On the morning of March 6, 1984 Salahuddin appeared at the deposition and answered defendants' questions for approximately two hours. Defendants' attorney

was able, with difficulty, to have Salahuddin authenticate several documents related to the suit. Salahuddin had implicitly requested some of these same documents in his interrogatories to defendant Harris quoted above. Some of the documents that Salahuddin was asked to authenticate were the same documents that he had been requested to produce at the deposition. *See* App. at 124. *Compare* App. at 72 *with* App. 195 ¶ 2. Defendants' attorney was also able to learn about Salahuddin's theory of the case, *see* App. at 79, 85, and to solicit some telling admissions. *See, e.g.,* App. at 96–97.

The parties took a lunch break and then resumed the deposition. In the afternoon Salahuddin refused to authenticate a document and to answer questions about it. He then invoked Rule 30 to end the deposition, apparently on the theory that it was oppressive for him to answer questions about documents that he had requested but had not received and digested. App. at 117–18. The two parties were not able to resolve the dispute and the deposition ended acrimoniously. App. at 137.

Between March 22 and April 3 defendants' counsel mailed the defendants' interrogatory responses to Salahuddin. Defendants' counsel then moved the district court for an order imposing discovery sanctions on Salahuddin under Rule 37(b)(2). He requested that Salahuddin's claims for punitive damages be struck from the complaint and that defendants' expenses for taking the aborted deposition be deducted from any money judgment that Salahuddin might receive on his other claims. In an accompanying affidavit counsel stated that answers to Salahuddin's interrogatories had been served. This apparently led the district court to believe erroneously that the responses had been mailed *before* the deposition was taken.

The district court ignored defendants' requests for specific sanctions and dismissed Salahuddin's complaint *sua sponte.* App. at 222. The court stated: "Salahuddin apparently felt he was entitled to delay his deposition pending receipt of answers to interrogatories which the record reveals had already been supplied to him." App. at 224. After noting that the courts have generally tolerated "the problems presented by *pro se* prisoner complaints," the court argued that "such efforts can be overwhelmed if *pro se* plaintiffs are permitted to frustrate the processes of litigation, *either deliberately or through misunderstanding.*" App. at 224 (emphasis added). The court then held that "[a] review of the affidavits and the transcripts submitted on this motion, together with the history of Salahuddin's past litigation ... require the sanction of dismissal of the complaint for failure to testify by deposition pursuant to notice. *See* Fed.R.Civ.P. 37(d)." App. at 225.

## DISCUSSION

Salahuddin claims that the sanction of dismissal could not be properly imposed under either Rule 37(d) or Rule 37(b). Defendants' attorney argues that Rule 16(f) or Rule 41(b) justify *sua sponte* dismissal on the facts presented by this case. For the reasons that follow we conclude that only Salahuddin's arguments have merit.

### 1. *Sua Sponte Sanctions Under Rule 37(d)*

Rule 37(d) establishes sanctions that may be imposed on a party when the party fails to appear for a deposition, fails to answer interrogatories or fails to honor a Rule 34 request to inspect.[1] Rule 37's statement

---

1. Rule 37(d) states in pertinent part:

   If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized un-

that the court "may make such orders ... as are just" may not be read expansively. "Failure to appear" is strictly construed in this Circuit and only occurs where a deponent "literally fails to show up for a deposition session." *SEC v. Research Automation Corp.*, 521 F.2d 585, 588–89 (2d Cir. 1975). In a case where a deponent physically appears at a deposition but refuses to be sworn and testify, then "the proper procedure is first to obtain an order from the court, as authorized by Rule 37(a), directing him to be sworn and to testify." *Id.* at 589.

■ It is clear that Salahuddin appeared at his deposition and answered questions. The district court therefore erred when it imposed sanctions pursuant to Rule 37(d).

Although the district court did not support its decision with citation to case law, defendants rely heavily on *Plevy v. Scully,* 89 F.R.D. 665 (W.D.N.Y.1981). That reliance is misplaced. In *Plevy,* the *pro se* plaintiff had refused to answer *any* questions at his deposition and had not moved for an adjournment of the deposition. *Id.* at 666–67. The district court there explicitly found that the plaintiff had acted in bad faith and that lesser sanctions would be futile. *Id.* at 667. Here the plaintiff answered questions and then tried to adjourn the deposition. The district court essentially stated that a finding of bad faith was irrelevant and did not examine the question of whether lesser sanctions would be sufficient to remedy the improper behavior.

### 2. Sanctions Under Rule 37(b)(2)

■ Rule 37(b)(2) contains a non-exclusive list of sanctions that may be imposed on a party when the party "fails to obey an order to provide or permit discovery." [2] Defendants' attorney originally moved the district court to impose sanctions on Salahuddin under this Rule. The Rule does authorize a court to dismiss a complaint for violating a court-imposed discovery order, but in this case neither the sanctions requested by defendants' attorney nor outright dismissal was justified because Salahuddin did not violate any "order" of the court.

The plain language of Rule 37(b) requires that a court order be in effect before sanctions are imposed and we have clearly held that "dismissal under this subdivision [is] improper in the absence of an order." *Israel Aircraft Indus., Ltd. v. Standard Precision,* 559 F.2d 203, 208 (2d Cir.1977), (citing *Fox v. Studebaker-Worthington, Inc.,* 516 F.2d 989, 995 (8th Cir.1975)). A court order under Rule 30(a) [3] was in effect when Salahuddin's deposition was taken but that order did not specify what matters could or could not be inquired into at the deposition or what procedures were to be followed if a dispute arose over the manner of conducting the deposition. Moreover, as we noted above, the district court had the power under Rule 37(a) to direct Salahuddin to answer specified questions but it failed to do so.

der paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
Fed.R.Civ.P. 37(d).

2. Rule 37(b)(2) provides in pertinent part:
If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party *fails to obey an order to provide or permit discovery,* including an order made under subdivision (a) of this rule or

Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
. . . .
(C) An order striking out pleadings or parts thereof, *or staying further proceedings until the order is obeyed, or dismissing the action or proceeding* or any part thereof, or rendering a judgment by default against the disobedient party.
Fed.R.Civ.P. 37(b)(2) (emphasis added).

3. Rule 30(a) provides in pertinent part: "The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes." Fed.R.Civ.P. 30(a).

Defendants, however, would have us imply such an order. They argue that the district court implicitly ordered Salahuddin to answer all questions related to the defendants' requests for documents. They would imply such an order from a conjunctive reading of the district court's orders of January 26, 1984, App. at 41 (ordering Salahuddin's deposition), January 27, 1984, App. at 44 (setting a discovery deadline for April 2, 1984), and February 13, 1984 (denying Salahuddin's motion to compel the defendants to respond to his interrogatories). Br. of Appellees at 19. To imply an order to compel discovery from these documents would be fanciful. In addition, defendants cite inapposite cases for the proposition that discovery orders can be implied. *See King v. Fidelity National Bank*, 712 F.2d 188, 191 (5th Cir.1983) (explicit order in form of subpoena), *cert. denied*, 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *Penthouse Int'l, Ltd. v. Playboy Enterprises*, 663 F.2d 371, 383 (2d Cir.1981) (explicit oral order); *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir.) (same), *cert. denied*, 419 U.S. 832, 95 S.Ct. 55, 42 L.Ed.2d 57 (1974); *Securities Investor Protection Corp. v. Memme & Co.*, 17 B.R. 419, 420 (S.D.N.Y.1981) (same); *Roberts v. Norden Division, United Aircraft Corp.*, 76 F.R.D. 75, 76–77 (E.D.N.Y.1977) (explicit order).

There was no violation of a court order upon which to base Rule 37(b) sanctions, and the dismissal of Salahuddin's complaint cannot be affirmed on this ground.[4]

### 3. *The Sanction of Dismissal*

█ It is well settled law in this Circuit that "[d]ismissal under Fed.R.Civ.P. 37 is a drastic penalty which should be imposed only in extreme circumstances." *Israel Aircraft*, 559 F.2d at 208. The sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to "willfulness, bad faith, or any fault" of the deponent. *See Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958). *See also National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam) (dismissal under Rule 37 justified where there is " 'flagrant bad faith' " and counsel displayed " 'callous disregard' of their responsibilities"); *Cine Forty-Second St. Theatre v. Allied Artists*, 602 F.2d 1062, 1066–68 (2d Cir.1979) (thorough discussion of the three *Societe Internationale* criteria). In the present case the district court did not first direct Salahuddin to testify and there were no "extreme circumstances," such as manifest bad faith, that would justify dismissing the case.

█ None of the three grounds that the district court relied on to dismiss the case amounted to bad faith delay of discovery. First, defendants had not answered Salahuddin's interrogatories, as the court mistakenly supposed they had.[5] Second, *pro se* plaintiffs do in fact often "frustrate the processes of litigation," but dismissal is justified only when they do so deliberately, not when they do so "through misunderstanding." *See Weiss v. Bonsal*, 344 F.2d 428, 430 (2d Cir.1965) (per curiam) (order of dismissal modified to allow *pro se* litigant to appear at deposition where refusal to appear was based on erroneous but

---

4. The implication of deposition orders from strained readings of other court documents would be especially unjust in the case of a *pro se* prisoner plaintiff.

5. The mistake was natural. The district court noted that:

> Salahuddin, a state prisoner, has filed four complaints in this court under 42 U.S.C. § 1983 seeking monetary damages and injunctive relief for alleged violations of his constitutional rights. The complaints are prolix and confusing and catalog virtually every variety of inmate complaint. In one of these cases, ... plaintiff has submitted interrogatories containing more than 4,000 questions. After the first action was assigned to this court, in the interests of justice three other actions were also assigned to this court, and such assignments were accepted as related cases. Salahuddin has also filed nine actions in this dist[r]ict which were assigned to other judges, giving him a total of 13 filings in this district in the past two years ....

App. at 222.

good faith view of the law). Finally, litigiousness by itself is neither semantically nor legally equivalent to bad faith. *Cf. In re Martin-Trigona,* 763 F.2d 140 (2d Cir. 1985) (per curiam) (upholding injunction imposed on vexatious *pro se* litigant).

### 4. *Rule 16(f) and Rule 41(b) Dismissals*

Defendants argue that we may affirm the dismissal of Salahuddin's complaint by construing the district court's dismissal as an action taken under either Rule 16(f) or Rule 41(b). This argument is without merit.

Rule 16(f) authorizes a judge to impose sanctions on a party who "fails to obey a scheduling or pretrial order." [6] Defendants assert that the same "implied" discovery order that would justify Rule 37(b) sanctions was also an "implicit" scheduling order that would justify Rule 16(f) sanctions. We have already rejected the "implied" order theory.

We have two additional reasons for deciding that Rule 16(f) sanctions were not justified in this case. First, the district judge did not rely on the violation of any explicit pretrial or implicit scheduling orders in dismissing Salahuddin's complaint. Indeed, he did not even refer to the pretrial orders in his dismissal opinion. On the same day that the judge denied Salahuddin's motion to limit the scope of the deposition, *see* App. at 141, he also issued his fifth and final pretrial order. App. at 140.

Defendants now argue that the district judge was troubled by the objections raised in Salahuddin's motion to limit the scope of the deposition, *i.e.,* the same objections raised at the deposition itself. But, if this were so, the district judge would have imposed Rule 16(f) sanctions or would have mentioned the likelihood of imposing the sanctions at a later date in this pretrial order.

Our second reason for refusing to hold that dismissal was justified under Rule 16(f) is that the Rule was not intended to stretch so far. Rule 16(f) was adopted as an amendment to Rule 16 in 1983. 97 F.R.D. 165, 204–05 (1983). The Advisory Committee on Federal Civil Rules noted that the Rule was intended "to encourage forceful judicial management," *id.* at 213, but the Rule did not loose a strange and capricious new beast. The Committee noted that "Rule 16(f), incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery. This should facilitate application of Rule 16(f), since courts and lawyers already are familiar with the Rule 37 standards." *Id.* As we discussed above, Rule 37(b) sanctions require the violation of an explicit court order. It is thus clear that "implied" orders do not serve to justify sanctions under Rule 16(f).[7]

Defendants also argue that Rule 41(b) can be applied by analogy to justify the dismissal of Salahuddin's complaint.[8]

---

**6.** Rule 16(f) provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), [or] (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing him or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or

that other circumstances made an award of expenses unjust.
Fed.R.Civ.P. 16(f).

**7.** In *Kothe v. Smith,* 771 F.2d 667 (2d Cir.1985), we reversed a district court that had imposed, *sua sponte,* costs and attorneys' fees on a defendant who failed to settle a case when the trial court thought it was appropriate to settle. Reading Rule 16(f) narrowly, we stated that "Rule 16 … was not designed as a means for clubbing the parties …." *Id.* at 669.

**8.** Rule 41 is captioned "Dismissal of Actions." Rule 41(b) states in pertinent part that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Fed.R.Civ.P. 41(b).

The Supreme Court has held that Rule 41(b) cannot be applied in this manner. In *Societe Internationale* the Court stated:

> In our opinion, whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery .... There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with *trials* and which lacks such specific references to discovery.

*Societe Internationale*, 357 U.S. at 207, 78 S.Ct. at 1093. In view of this clear statement from the Supreme Court we decline defendants' invitation to apply Rule 41(b) to this case.

### CONCLUSION

The district court erred when it relied on Rule 37(d) to impose sanctions *sua sponte.* The dismissal could not be properly ordered under Rule 37(b) because Salahuddin did not violate an order of the court. Dismissal under Rule 37(d) was not proper where there was no showing that Salahuddin delayed the deposition in bad faith. Neither Rule 16(f) nor Rule 41(b) can be applied by analogy to justify the dismissal. We reverse the order of the district court dismissing the complaint and remand the action for proceedings consistent with this opinion.