865 F.2d 1268
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Robert KIMSEY, Plaintiff-Appellant,
v.
Harry K. RUSSELL, Superintendent, Defendant-Appellee.
 No. 87-4128.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges and CHARLES R. SIMPSON*, III, District Judge.
 PER CURIAM.
 
 
 1
 James Robert Kimsey, a prisoner held in the Lima, Ohio correctional facility, filed a complaint against the prison superintendent, H.K. Russell, alleging a violation of 42 U.S.C. Sec. 1983 for failure to provide him adequate legal assistance in several respects. He sought an injunction requiring the superintendent to provide him pens, paper, and postage to draft legal documents, and access to a notary public. In addition, the plaintiff requested that legal advisors from the local bar association be allowed to counsel prisoners and that legal mail be forwarded to the prisoners without delay. Defendant filed an affidavit setting out the prison procedures and denying that any violation of plaintiff's constitutional right occurred. The superintendent explained that the prison's procedures regarding the supply of legal materials is set out in a prior court settlement which the prison has subsequently followed.
 
 
 2
 For some two years this lawsuit was rather active. The defendant filed a motion for extension of time to file a response; the plaintiff objected. The plaintiff requested assistance of counsel at least nine times; one request was denied by the district court on December 20, 1985, and another by this court in 1986 (rehearing en banc denied September 16, 1986). Requests by the state to take the plaintiff's deposition were filed; the plaintiff objected and, apparently, the state never deposed plaintiff. The last action taken by the plaintiff prior to the magistrate's order was filed on August 27, 1986.
 
 
 3
 On August 24, 1987, the magistrate filed an order noting that no action had been taken for more than one year and ordered that the parties file status reports in four weeks. The magistrate's order indicated that if no status reports were filed, he would recommend that the district court dismiss the case for failure to prosecute. The state filed a response on September 18, 1987, stating that it intended to file a motion for summary judgment if the plaintiff indicated that he wished to pursue this cause of action, but the plaintiff failed to respond to the magistrate's order.
 
 
 4
 Subsequently, the magistrate recommended to the district court that the case be dismissed for want of prosecution and so notified the parties. The plaintiff then filed an objection to the magistrate's report. Plaintiff claimed that he has taken no action because he had been ill. He also claimed that he filed a motion to consolidate this case upon the recommendation of District Judge John W. Potter (N.D.Ohio), Nos. C-86-7483 and C-84-7721, because the two cases involved the same issues. He claims to have received no reply. The state acknowledged receipt of the plaintiff's objections on October 14, 1987. The state's response to the magistrate's recommendation did not respond to plaintiff's explanation of his failure to take action in the lawsuit.
 
 
 5
 The district court accepted the magistrate's report and recommendation and concluded that plaintiff's failure to act indicated his lack of interest in pursuing his legal claims. The district court stated that "Kimsey's objections to the Magistrate's Report and Recommendation offer no justifiable reasons why he allowed the case to lie dormant for nearly a year. Kimsey further provides no legitimate reasons why he failed to comply with the Magistrate's Order of August 24, 1987."
 
 
 6
 Kimsey appeals from the dismissal of his lawsuit.
 
 
 7
 Dismissal for failure to prosecute is a harsh sanction and should be ordered only in cases showing a clear record of delay or contumacious conduct. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir.1980).[1] Absent such a basis, dismissal may be an abuse of discretion, and the district court should consider less drastic sanctions. Id. Dismissal of pro se lawsuits should not be effected ordinarily on the basis of misunderstanding. Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir.1986). See Streeter v. NLRB, No. 87-1662, slip op. (6th Cir.1987) (Rule 24 case).
 
 
 8
 In considering dismissal in this kind of situation, the court must weigh the conduct of the plaintiff against the policy of favoring resolution of legal claims on their merits. J. Friedenthal, M. Kane & A. Miller, Civil Procedure Sec. 9.5, p. 449 (1985). We have also set out a number of criteria that a court should use in evaluating their own motions to dismiss under Fed.R.Civ.P. 41(b), which include: the vexatious or fictitious nature of the plaintiff's claim, whether the length of the delay involved indicates a desire not to prosecute, the plaintiff's connection with and responsibility for the dilatory conduct, availability of less severe alternative sanctions, and the prejudice to the defendant resulting from the delay. See Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir.1985) (per curiam); Carter, 636 F.2d at 161; compare with Coston v. Detroit Edison Co., 789 F.2d 377, 379 (6th Cir.1986) (per curiam).
 
 
 9
 We are not satisfied that the district court here has adequately considered all the factors to be weighed before ordering dismissal of a pro se prisoner's case.
 
 
 10
 Of particular concern is the plaintiff prisoner's allegation concerning consolidation of this case with case No. 86-7483, or some understanding to this effect. We are also concerned with the fact that certain motions filed by the plaintiff on August 27, 1986, were under submission and not ruled upon at the time the magistrate filed his report recommending dismissal for failure to prosecute. The district court did not address or rule upon the motions prior to entering its order of dismissal. Giving the unrepresented plaintiff here the benefit of some doubt, we REVERSE the dismissal and REMAND this case for consideration and explanation concerning the purported consolidation of cases and for a fuller statement of the basis for the judgment of dismissal. We recognize that summary judgment was rendered "without prejudice" in this case, and it may be that the proceedings in the other case referred to in the district court may involve similar issues resulting in no real harm to plaintiff if this case were dismissed without prejudice.
 
 
 11
 In any event, we REMAND for further consideration and explanation by the district court of its action as herein indicated.
 
 
 
 *
 THE HONORABLE CHARLES R. SIMPSON, III, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Federal Rule of Civil Procedure 41(b) reads in pertinent part:
 Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. ... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule ... operates as an adjudication on the merits.
 Courts have determined, moreover, that the district courts have the power under Rule 41(b) to dismiss cases on their own motion for failure to prosecute for "housekeeping" purposes. J. Friedenthal, M. Kane & A. Miller, Civil Procedure Sec. 9.5, p. 449 (1985).