**BOARD OF DRAINAGE COMM'RS OF PITT CTY. v. DIXON**

[158 N.C. App. 509 (2003)]

THE BOARD OF DRAINAGE COMMISSIONERS OF PITT COUNTY DRAINAGE DISTRICT NO. 3, ET AL., PLAINTIFFS v. TERRY RAY DIXON, CHARLES OLIVER DOVE, PAMELA S. DOVE, MARY D. DUNN, THE HOMESTEAD OF PITT INC. D/B/A HOMESTEAD MEMORIAL GARDENS, THE HOMESTEAD OF PITT, INC. D/B/A HOMESTEAD MEMORIAL GARDENS, AND DOVE'S MONUMENTS, INC., DEFENDANTS

No. COA02-834

(Filed 17 June 2003)

**Constitutional Law; Discovery— sanctions—Fifth Amendment privilege—failure to appear**

The trial court abused its discretion in an embezzlement case by imposing monetary sanctions of $2,800.00 against defendant and his attorney for violation of N.C.G.S. § 1A-1, Rule 37(d) arising out of defendant's appearance at a deposition and his refusal to answer questions based on his assertion of the Fifth Amendment privilege against self-incrimination, because: (1) where an individual party physically appears at a deposition, the imposition of Rule 37(d) sanctions for failure to appear is not appropriate; and (2) the better course of action would have been for defendant to apply for a protective order under Rule 26(c), and then the trial court could define the scope of the examination in light of defendant's assertion of his Fifth Amendment privilege.

Appeal by defendants from order entered 4 October 2001 by Judge Thomas D. Haigwood in Pitt County Superior Court. Heard in the Court of Appeals 25 March 2003.

*Ward & Smith, PA, by Lance P. Martin and Michael P. Flanagan, for plaintiffs-appellees.*

*Mills & Economos, by Larry C. Economos, for defendants-appellants.*

STEELMAN, Judge.

Defendants, Charles Oliver Dove (Dove) and his counsel, Larry C. Economos (Economos), appeal a trial court order imposing monetary sanctions. They argue only one assignment of error, that the trial court erred in ordering sanctions in the amount of $2,800.00 for violation of Rule 37(d) of the North Carolina Rules of Civil Procedure. We agree.

A complaint was filed alleging defendant Dove and other defendants had embezzled money from plaintiffs. During discovery, plaintiffs sought to depose Dove. At the deposition, which was scheduled for 16 August 2001 by the consent of the parties, Dove answered questions about his name and address. His attorney, Economos, then announced that Dove was invoking his right against self-incrimination under the Fifth Amendment. Dove refused to answer any further questions. Economos had a discussion with plaintiffs' attorney, who contended that he had a right to question Dove and that Dove could assert his privilege on a question by question basis. Economos stated that Dove could assert a blanket Fifth Amendment privilege and not answer any questions. Counsel further stated that he understood that "there was an indictment underway against [Dove]" and that this was the basis for his client invoking the privilege. Economos terminated the deposition and left with Dove.

Plaintiffs filed a motion for sanctions pursuant to Rule 37(d) of the North Carolina Rules of Civil Procedure against both Dove and Economos on 29 August 2001. Dove and Economos then filed a response and a motion for Rule 11 sanctions against plaintiffs' counsel. The trial court ruled in favor of plaintiffs and imposed sanctions against Dove and Economos, ordering them to pay plaintiffs $2,800.00. The trial court additionally ordered that Dove be deposed on 14 September 2001. Dove was directed to answer all questions put before him, and, if he chose, to assert his Fifth Amendment privilege question by question. Defendants Dove and Economos appeal the imposition of monetary sanctions. They did not appeal the trial court's ruling that Dove was to assert his Fifth Amendment privilege on a question by question basis during the deposition.

Rule 37 provides for sanctions for failure to make discovery. N.C. Gen. Stat. § 1A-1, Rule 37 (2001). The trial judge has broad discretion in imposing sanctions to compel discovery under Rule 37. *American Imports, Inc. v. G.E. Employees Western Region Federal Credit Union*, 37 N.C. App. 121, 245 S.E.2d 798 (1978). The trial court's choice of sanctions under Rule 37 will not be overturned absent a showing of abuse of discretion. *Brooks v. Giesey*, 106 N.C. App. 586, 418 S.E.2d 236, (1992), *aff'd*, 334 N.C. 303, 432 S.E.2d 339 (1993).

The Fifth Amendment of the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. "[T]he constitutional privilege against self-incrimination 'applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal

responsibility him who gives it.' " *Johnson County Nat'l Bank & Trust Co. v. Grainger*, 42 N.C. App. 337, 339, 256 S.E.2d 500, 501, *cert. denied*, 298 N.C. 304, 259 S.E.2d 300 (1979) (quoting *McCarthy v. Arndstein*, 266 U.S. 34, 40, 69 L. Ed. 158, 161 (1924)).

In *Stone v. Martin*, 56 N.C. App. 473, 476, 289 S.E.2d 898, 901 (1982), *appeal dismissed and rev. denied*, 320 N.C. 638, 360 S.E.2d 105 (1987), this Court held that:

> Under North Carolina discovery rules, subject only to limitation by court order, any party to a civil action is entitled to all information relevant to the subject matter of that action *unless such information is privileged*. The right of discovery must yield, however, to the privilege against compulsory self-incrimination. Thus, courts cannot compel disclosure of information which would tend to incriminate the person from whom it is sought and cannot impose sanctions on one who refuses to disclose privileged information.

(Emphasis in original) (citations omitted). Our courts have thus given special deference to the privilege against self-incrimination. In *Golding v. Taylor*, 19 N.C. App. 245, 198 S.E.2d 478, *cert. denied*, 284 N.C. 121, 199 S.E.2d 659 (1973), this Court held that the failure to make a timely objection to interrogatories did not operate as a waiver of this privilege. "[While we agree that ordinarily, in the absence of an extension of time, failure to object to interrogatories within the time fixed by the rule is a waiver of any objection, we hold that this principle must yield to the privilege against self-incrimination guaranteed by the Fifth Amendment to the Federal Constitution." *Id.* at 248, 198 S.E.2d 480.

Rule 37(d) provides that the trial court may impose sanctions where a party "fails . . . to appear before the person who is to take his deposition, after being served with a proper notice[.]" N.C. Gen. Stat. § 1A-1, Rule 37(d) (2001). Dove contends that he did appear and then asserted his privilege against self-incrimination. Plaintiffs contend that merely appearing at a deposition and then refusing to answer questions is tantamount to failing to appear, regardless of the reason given for refusing to testify.

There is no North Carolina case which speaks directly to this question. It is thus appropriate to look at cases decided under Rule 37(d) of the Federal Rules of Civil Procedure for guidance. *See Goins v. Puleo*, 350 N.C. 277, 512 S.E.2d 748 (1999). In *SEC v. Research*

*Automation Corp.*, 521 F.2d 585, 588-89 (2d Cir. 1975), the court stated:

> we believe that the term "appear" as used in Rule 37(d) must be strictly construed, limiting it to the case where a defendant literally fails to show up for a deposition session. Where a defendant does in fact appear physically for the taking of his deposition but refuses to cooperate by being sworn and by testifying, the proper procedure is first to obtain an order from the court, as authorized by Rule 37(a), directing him to be sworn and to testify.

*Accord, Salahuddin v. Harris*, 782 F.2d 1127 (2d Cir. 1986). Conversely, plaintiffs argue that this Court should follow the reasoning of *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275 (3d Cir. 2000) and *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196 (5th Cir. 1993), *reh'g denied*, 1993 U.S. App. LEXIS 8383. These cases concern witnesses designated to testify on behalf of a corporation pursuant to Rule 30(b)(6). In the cases, witnesses appeared, but lacked knowledge of the topics designated in the Rule 30(b)(6) deposition notice. *Black Horse* held that "when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), 'producing an unprepared witness is tantamount to a failure to appear' [and] is sanctionable under Rule 37(d)." *Black Horse* at 304 (quoting *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996)).

Such is not the situation in the instant case. An individual was being deposed, not a corporation. *Black Horse* acknowledges that this is a different situation. "Were we here faced with a case involving the deposition of a natural person we might be inclined to agree with the reading of Rule 37(d) by our Second Circuit colleagues [in *Salahuddin v. Harris*, 782 F.2d 1127 (2d Cir. 1986)]. The deposition of a corporation, however, poses a different problem, as reflected by Rule 30(b)(6)." *Id.* at 303 (quoting *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197-98 (5th Cir. 1993)).

We find that *SEC v. Research Automation Corp.*, 521 F.2d 585, 588 (2d Cir. 1975), embodies the better reasoned approach. Where an individual party physically appears at a deposition, the imposition of Rule 37(d) sanctions for failure to appear is not appropriate. The better course of action would have been for Dove to apply for a protective order pursuant to Rule 26(c). Then the trial court could define the scope of the examination in light of defendant's assertion of his Fifth Amendment privilege.

CHRYSLER FIN. CO., LLC v. S.C. INS. CO.

[158 N.C. App. 513 (2003)]

We hold that the trial court abused its discretion in imposing sanctions under Rule 37(d).

REVERSED.

Judges WYNN and TYSON concur.