[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14417
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20437-JEM-5


UNITED STATES OF AMERICA,


Plaintiff-Appellee,

versus

STEVEN ANDERSON,


Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 23, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Anderson, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for a sentence reduction pursuant to U.S.S.G. § 5H1.4 and 18 U.S.C. § 3582(c)(2), and requests a judicial recommendation to the Bureau of Prisons (BOP). Anderson also appeals the court's denial of his motion for "jail credits." He lastly argues that the district court violated his First and Fifth Amendment rights when it deprived him of the right to have the court review his replies to the government's responses.

In 2010, Anderson pleaded guilty to conspiring to commit bank fraud, in violation of 18 U.S.C. § 1349, and his base offense level was calculated under U.S.S.G. § 2B1.1(a)(1). The district court sentenced Anderson to 42 months' imprisonment. In June 2012, Anderson filed a pro se motion, pursuant to 18 U.S.C. §§ 3621(b), 3624(c), and 3582(c)(2), requesting that the district court recommend that the BOP consider placing him in pre-release custody for 12 months. Anderson indicated that his § 3582(c)(2) motion was based on § 5H1.4. In July 2012, Anderson filed another pro se motion, pursuant to 18 U.S.C. § 3585(b), requesting that the court grant him "jail credits" because Anderson was placed on restricted home detention prior to his trial and before he self-surrendered to authorities following his sentencing. After the government responded, the district court denied both motions and did not recommend to the BOP that Anderson be placed in pre-release custody. Anderson then replied to the

2

government's responses.  The court did not address Anderson's reply briefs, and he timely appealed.

## I.

Anderson first argues that he requested that the BOP place him in home confinement or a halfway house.  Anderson maintains that he requested such confinement for medical reasons under § 3582(c)(2) and § 5H1.4, because he believed that § 5H1.4 was retroactive.  Anderson also argues that his motion requesting relief under § 5H1.4 was misconstrued as not retroactive, and that § 3582(c)(2) is used for relief when a guideline amendment is made retroactive.  He contends that the district court erred in determining that he was not eligible for a judicial recommendation to the BOP that he serve the final months of his sentence in home confinement under § 3582(c)(2).

In a § 3582(c)(2) proceeding, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (internal quotation marks omitted).  Under § 3582(c)(2), a district court may reduce the prison term of a defendant who is sentenced within a guideline range that has subsequently been lowered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Only amendments that are listed under U.S.S.G. § 1B1.10(c) and that have the effect of lowering the sentencing range upon which a

3

defendant's sentence was based may be considered for reduction of a sentence under § 3582(c)(2). *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

Under 18 U.S.C. § 3621(b), the BOP shall designate the place of a prisoner's imprisonment, and may designate any correctional facility that it determines appropriate and suitable, considering: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the prisoner's history and characteristics; and (4) any statement by the sentencing court concerning the purposes for which the sentence was determined to be warranted or recommending a type of penal or correctional facility as appropriate. The BOP also retains discretion to decide how to classify prisoners and choose the institution in which to place them. *See Cohen v. United States*, 151 F.3d 1338, 1344 (11th Cir. 1998).

Here, Anderson's guideline range was based on § 2B1.1, not § 5H1.4. He does not argue that § 2B1.1 has been amended or that any of the guidelines used to calculate his sentence have been amended. Accordingly, any amendment to § 5H1.4 would not lower Anderson's guideline range, and a reduction of his sentence is not authorized by § 3582(c)(2). *See Armstrong*, 347 F.3d at 909. Further, to the extent that Anderson requested that the district court order the BOP to place him in home confinement, that request is outside the scope of §

4

3582(c)(2).  The BOP, not the district court, retained authority to choose the place of Anderson's incarceration.  *See id.*; *Cohen*, 151 F.3d at 1344.

## II.

Anderson next argues that the district court erred in denying his request for sentence credits based on his pre-trial and pre-sentence home confinement. Anderson references an excerpt from a dissenting opinion by Justice Stevens in *Reno v. Koray*, 515 U.S. 50, 66, 115 S. Ct. 2021, 2029 (1995) (Stevens, J., dissenting), discussing whether an individual was officially detained within the meaning of § 3585(b).  Anderson also references *United States v. Londoño-Cardona*, 759 F. Supp. 60, 61 (D.P.R. 1991), *abrogated by United States v. Zackular*, 945 F.2d 423, 425 n.2 (1st Cir. 1991), in support of his claim that he should be awarded "jail credits" due to his restricted home confinement.  Anderson notes that he was under house arrest, he wore an ankle monitor, and that he was only allowed to leave his home if the court approved his week-in-advance notice.

The Attorney General, through the BOP, is authorized under § 3585(b) to compute sentence-credit awards after sentencing.  *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995).  A district court is not authorized to do so.  *Id.*  Prisoners may seek judicial review of the calculation only after exhausting their administrative remedies.  *United States v. Alexander*, 609 F.3d 1250, 1259–60 (11th Cir. 2010). A defendant is entitled to credit the time that he has spent in official detention

5

toward the service of a term of imprisonment.  18 U.S.C. § 3585(b).  We have held, however, that a defendant's pre-trial home confinement does not constitute official detention for the purposes of § 3585(b).  *Rodriguez v. Lamer*, 60 F.3d 745, 748 (11th Cir. 1995).

In this case, the district court was not authorized to calculate a sentence-credit award, as such authority is vested in the Attorney General, through the BOP. *See Dawson*, 50 F.3d at 889.  Moreover, even if the court could have granted Anderson's request, there is no indication that Anderson exhausted his administrative remedies with the BOP.  *See Alexander*, 609 F.3d at 1259–60. Finally, even considering the merits of Anderson's claim, pre-trial home confinement does not constitute official detention within the meaning of § 3585(b), and he would not be entitled to sentence credits.  *See Rodriguez*, 60 F.3d at 748.

### III.

Anderson lastly argues that the district court violated his First and Fifth Amendment rights when it deprived him of the right to have the court review his replies to the government's briefs.  Anderson notes that the court denied his motion requesting house arrest and jail credits before it had the opportunity to consider his reply briefs.  Anderson argues that if the court had reviewed his replies, it would have ruled in his favor.

When a defendant fails to raise a due process claim before the district court, we review only for plain error. *United States v. Dorman*, 488 F.3d 936, 942 (11th Cir. 2007). To establish plain error, a defendant must show that there is: "(1) error, (2) that is plain, and (3) that affect[s] substantial rights. . . . If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Swatzie*, 228 F.3d 1278, 1281 (11th Cir. 2000) (alterations in original) (internal quotation marks omitted). "An error is plain if it is obvious and clear under current law." *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006). "An error that affects substantial rights is one that affected the outcome of the district court proceedings." *United States v. Henderson*, 409 F.3d 1293, 1308 (11th Cir. 2005) (internal quotation marks omitted). Due process generally requires reasonable notice and an opportunity to be heard. *See United States v. Cobia*, 41 F.3d 1473, 1476 (11th Cir. 1995) (per curiam) (involving a due process claim raised on appeal by defendant with regard to the adequacy of prior notice of a sentencing enhancement under 18 U.S.C. § 924(e)).

Here, because Anderson did not raise a due process claim below, our review is for plain error. *See Dorman*, 488 F.3d at 942. Anderson cites no binding authority establishing that the district court was required to consider his then-

7

unfiled replies prior to issuing its order, and, thus, even if there was error, it was not plain. *See Eckhardt*, 466 F.3d at 948.

Accordingly, upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**

8