Patricia **GONZALEZ**, and Lesha Rosario, Plaintiffs,

v.

James **BATMASIAN**, and Marta Batmasian, Defendants.

**Case No. 9:16–cv–81696**

United States District Court, S.D. Florida.

Signed 03/20/2017

Order Denying Reconsideration April 13, 2017

Chelsea A. Lewis, Chris Kleppin, Glasser & Kleppin, P.A., Plantation, FL, for Plaintiffs.

Roderick Flynn Coleman, Coleman & Associates, George Louis Sigalos, Simon & Sigalos, LLP, Boca Raton, FL, for Defendants.

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS ROSARIO'S CLAIM

DONALD M. MIDDLEBROOKS, UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court on Defendants James and Marta Batmasian's ("Defendants") Motion to Dismiss Claim of Plaintiff Lesha Rosario ("Motion"), filed on February 27, 2017. (DE 50). Plaintiff Lesha Rosario ("Rosario") filed a Response on March 14, 2017. (DE 82). Defendants seek to dismiss Rosario's claim as a sanction for failing to appear at her scheduled deposition and to provide alternative dates. Rosario responds that Defendants' Motion should be denied for failure to confer and because the Parties agreed to reschedule Rosario's deposition. For reasons stated below, Defendants' Motion is denied.

#### A. Rule 37(d)'s Conferral Requirement

The Court may deny a motion for failure to comply with the local rules, including failure to make good faith efforts to confer. *See, e.g., Reese v. Herbert*, 527 F.3d 1253, 1264 (11th Cir. 2008) (noting district court could have denied motion for failure to comply with the local rules, rather than addressing it on the merits). However, Local Rule 7.1's conferral requirement does not apply to motions to "involuntarily dismiss an action." S.D. Fla. L.R. 7.1. In addition, by its plain language, Rule 37(d)(*l*)(B)'s requirement that a movant certify it has conferred in good faith applies only to a "motion for sanctions for failing to answer or respond," not for failing to attend a deposition. Fed. R. Civ. 37(d)(1)(B); *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 302 (3d Cir. 2000) (holding certification requirement does not apply to motion for sanctions for failing to attend a deposition). Therefore, I reject Rosario's argument that I should deny Defendants' Motion for failure to confer.

#### B. Failure to Appear at a Deposition

"Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice." *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977).[1] Rule 37(d) provides that "[t]he court ... may, on motion, order sanctions if ... a

---

**1.** The Eleventh Circuit has recognized the case law of the former Fifth Circuit prior to 1981 as its governing body of precedent. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may be imposed even in the absence of a prior court order compelling a party to attend a deposition. Fed. R. Civ. P 37(d)(1)(A)(i). However, " 'failure to appear' for a deposition is strictly construed and Rule 37(d) sanctions apply only when a deponent 'literally fails to show up for a deposition session.' " *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 (1st Cir. 1991) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986); *SEC v. Research Automation Corp.*, 521 F.2d 585, 588–89 (2d Cir. 1975)).

■ "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(d)(3). The listed sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Nevertheless, "[d]ismissal of a complaint with prejudice is such a drastic remedy that a district court should apply it only in extreme circumstances." *Griffin*, 564 F.2d at 1172 (citations omitted) (finding district court abused its discretion by dismissing claim for deponent's single unexcused failure to appear for deposition and to respond to subsequent letter asking for an explanation); *see also Wanderer v. Johnston*, 910 F.2d 652, 655–56 (9th Cir. 1990) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)) ("The [Supreme] Court in *National Hockey League* granted district courts considerable discretion to impose the extreme sanction of dismissal or default where there has been flagrant, bad faith disregard of discovery duties.").

■ The emails provided by Defendants show that Rosario's counsel asked Defendants' counsel to reschedule Rosario's deposition, albeit the day before the deposition. (DE 50–1 at 1). In response, Defendants' counsel asked what date Rosario would be available, and Rosario's counsel said that he would provide a date. (DE 50–2 at 1). This exchange shows that the Parties agreed to reschedule Rosario's deposition, not that she failed to appear. *See, e.g., McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP*, 243 F.R.D. 1, 8 (D.D.C. 2007) (denying motion for sanctions for failure to appear at deposition when deponent notified counsel the day before that she could not attend).

■ Although Defendants argue that Rosario's counsel never provided an alternate date for her deposition, the email exchanges show that Defendants' counsel sent only one follow-up email asking for a date for Rosario's deposition (DE 50–3 at 2), to which Rosario's counsel responded, "I have come up with a new schedule . . . . Please let me know if it is acceptable." (DE 50–3 at 1). Defendants provide no evidence of the Parties' communications after this date, including whether dates for Rosario's deposition were proposed, and Rosario states that the Parties agreed to allow for depositions outside the discovery period. Accordingly, it is possible that Rosario did provide alternate dates, and even if she did not, I find no evidence of the type of "extreme circumstances" necessary to justify the sanction of dismissal.[2] *See, e.g., Amobi v. D.C. Dep't of Corr.*, 257 F.R.D. 8, 11 (D.D.C. 2009) (finding no evidence of bad faith where counsel informed movant of scheduling conflict before deposition, even though he failed to provide alternative dates).

Instead of or in addition to the sanctions listed in Rule 37(b)(2)(A)(i)–(vi), "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Defendants do not request monetary sanctions in the alternative to dismissal of Rosario's claim. Furthermore, in light of the Parties' decision to reschedule the deposition, sanctioning Rosario for failing to appear would be unjust.

**2.** Defendants also argue that Rosario attended mediation telephonically. The Court notes that Rosario requested leave of the Court to appear telephonically immediately before mediation, and therefore the Court did not have the opportunity to rule on Rosario's motion before mediation.

(DE 38). I do not find that Rosario's last minute motion and telephonic appearance at mediation establish "flagrant bad faith disregard of discovery duties." *See Nat'l Hockey League*, 427 U.S. at 643, 96 S.Ct. 2778.

Accordingly, it is hereby

**ORDERED and ADJUDGED** that Defendants' Motion (DE 50) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this *20* day of March, 2017.

## ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER

THIS CAUSE conies before the Court on Defendants James Batmasian and Marta Batmasian's ("Defendants") Motion for Rehearing of Order Denying Motion to Dismiss Rosario's Claim ("Motion"), filed on March 21, 2017. (DE 101). Plaintiffs filed a response on April 3, 2017 (DE 115), to which Defendants replied on April 10, 2017 (DE 119). Defendants ask the Court to reconsider its Order denying Defendants' Motion to Dismiss Rosario's claim as a sanction for her alleged failure to appear at her deposition ("Order"). (DE 95). For reasons stated below, Defendants' Motion is denied.

"A motion for reconsideration under Rule 59(e) should be granted only on the basis of newly discovered evidence or a manifest error of law or fact." *Frantz v. Walled,* 513 Fed.Appx. 815, 822 (11th Cir. 2013) (citing *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)). "Rule 59(e) is not an appropriate vehicle to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (citing *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)).

Defendants argue that I erred in denying their Motion to Dismiss before they filed their reply. Defendants cite no authority for the proposition that I was required to consider their reply before ruling. *See United States v. Anderson,* 517 Fed.Appx. 772, 776 (11th Cir. 2013) (finding no plain error in court's failure to consider reply before ruling); *All. of Nonprofits for Ins., Risk Retention Grp. v. Kipper,* 712 F.3d 1316, 1328 (9th Cir. 2013) (holding that district court's failure to consider response before ruling did not affect party's substantial rights, and that it

was sufficient for court to consider arguments raised in response in motion to reconsider). More importantly, because none of the arguments raised in Defendants' reply formed the basis for my decision, I find that I did not commit a manifest error of law by ruling on Defendants' Motion to Dismiss before they filed a reply. *See, e.g., Motorists Mut. Ins. Co. v. Teel's Rest. Inc.,* No. 3:08–CV–237 CAN, 2009 WL 5065223, at *1 (N.D. Ind. Dec. 23, 2009) (holding that court's failure to consider reply brief in support of summary judgment motion before ruling did not require court to grant motion for reconsideration where court did not rely on the legal arguments addressed by reply in reaching decision).

The arguments Defendants raised in their reply are as follows: (1) they did not unilaterally schedule Rosario's deposition, (2) Rosario should not have cancelled her deposition or attended mediation telephonically when she had prior notice of both, and (3) Rosario never offered an alternate date for her deposition. First, in my prior Order, I did not rely on, or make any determination related to, Plaintiffs' argument that I should deny the Motion to Dismiss because Defendants allegedly scheduled Rosario's deposition unilaterally. Second, I properly considered Defendants' argument that Rosario cancelled her deposition and attended mediation telephonically at the last minute, but found that Rosario still provided sufficient notice to preclude a finding that she "failed to appear" or acted with flagrant bad faith. Finally, while I stated that I lacked information on whether Rosario provided alternate dates for her deposition, I made clear that my decision did not rest on those grounds, stating "even if she did not, I find no evidence of the type of 'extreme circumstances' necessary to justify the sanction of dismissal." Accordingly, consideration of Defendants' reply would not have changed the result of my prior Order.

Second, Defendants seek "rehearing" because "the court order did not provide that Rosario must appear for deposition prior to trial on her claim." My Order did not address

this relief because Defendants' Motion to Dismiss did not raise it.[1] Regardless, in their Reply in support of this Motion, Defendants withdraw their request for rehearing.

In sum, I do not find that newly discovered evidence, or manifest error of law or fact, requires reconsideration of my Order. It is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion (DE 101) is **DENIED.**

---

1. In addition, the relief was not requested in a Proposed Order because Defendants failed to file one, as required by my Pretrial Scheduling Order and Order Referring Case to Mediation. (DE 9 ¶ 8).